# No. 24-20286

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Jose E. Amstutz,

Plaintiff - Appellant

v.

Harris County; Sylvia Trevino, Precinct 6 Constable,

Defendants - Appellees

---

## On Appeal from
United States District Court for the Southern District of Texas

4:23-CV-1787

---

## BRIEF OF APPELLANT JOSE AMSTUTZ

---

SUBMITTED BY:

Laurence Wade Watts
Watts & Company Lawyers, Limited
5002 Sienna Parkway
P.O. Box 2214
Missouri City, TX 77459

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
| --- | --- |
| Harris County | Melissa Martin of Harris County Attorney's Office Houston, TX |
| Harris County | Susana Sosa of Harris County Attorney's Office Houston, TX |
| Sylvia Trevino | Melissa Martin of Harris County Attorney's Office Houston, TX |
| Sylvia Trevino | Susana Sosa of Harris County Attorney's Office Houston, TX |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Jose Amstutz | Laurence Watts of Watts & Company Lawyers, Limited Missouri City, TX |

S/Laurence Wade Watts
Attorney of record for Jose Amstutz

ii

# STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Jose E. Amstutz respectfully requests oral argument in this appeal. Oral argument is warranted in this case because it raises significant questions regarding the application of the Age Discrimination in Employment Act (ADEA) and 42 U.S.C. § 1983, particularly as they pertain to the exhaustion of administrative remedies, the proper pleading standard for age discrimination claims, and the due process protections afforded to public employees.

This case also presents important issues about the proper interpretation and application of the "relation back" doctrine under Federal Rule of Civil Procedure 15(c) and the standards for municipal liability under *Monell* v. Department of Social Services, 436 U.S. 658 (1978). Oral argument would assist the Court in resolving these complex legal issues by providing an opportunity for the parties to clarify the record and respond to questions from the Court regarding the district court's dismissal of Appellant's claims and the denial of leave to amend his complaint.

For these reasons, Appellant believes that oral argument will materially aid the Court in reaching its decisional process.

# TABLE OF CONTENTS

Contents                                                                                     Page(s)

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ..................................................................................... iv

TABLE OF AUTHORITIES ................................................................................. 5

JURISDICTIONAL STATEMENT ....................................................................... 6

STATEMENT OF THE ISSUES ........................................................................... 7

STATEMENT OF THE CASE ............................................................................... 8

SUMMARY OF THE ARGUMENT .................................................................... 12

ARGUMENT ....................................................................................................... 14

CONCLUSION .................................................................................................... 22

CERTIFICATE OF SERVICE ............................................................................. 24

CERTIFICATE OF COMPLIANCE .................................................................... 25

# TABLE OF AUTHORITIES

**Cases…………………………………………………..………………Pages(s)**

*Ashcroft v. Iqbal,*

　　556 U.S. 662 (2009) …………………………………………..........16

*Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,*

　　520 U.S. 397, 404 (1997) ……………………………….………21

*Bell Atlantic Corp. v. Twombly,*

　　550 U.S. 544 (2007) …………………………………...………....16

*Bowden v. Jefferson Cnty.,*

　　676 F. App'x 251, 254 (5th Cir. 2017) …………………………....21

*Cleveland Bd. of Educ. v. Loudermill,*

　　470 U.S. 532 (1985) …………………………………………..20

*Coalition of Cities for Affordable Utility Rates v. Public Utility Com.,*

　　798 S.W.2d 560, (Tex. 1990)…………………………………….19

*County of Sacramento v. Lewis,*

　　523 U.S. 833, 846 (1998) …………………………………..20

*FDIC v. Conner,*

　　20 F.3d 1376, 1385 (5th Cir. 1994) ……………………………15

*Federal Express Corp. v. Holowecki,*

　　552 U.S. 389, 402 (2008) ……………………………………..14

*Fellows v. Universal Rests., Inc.,*

　　701 F.2d 447, 451 (5th Cir. 1983) ……………………………..15

*Fort Bend County v. Davis,*

　　139 S. Ct. 1843, 1851 (2019) ………………………..………………..14

*Igal v. Brightstar Information Technology Ground, Inc.*

    250 S.W.3d 78 (Tex. 2008)……………………………………………19

*Krupski v. Costa Crociere S.p.A.,*

    560 U.S. 538, 548 (2010) …………………………………………...15

*Mangieri v. Clifton,*

    29 F.3d 1012 (5th Cir. 1994)……………………………………...19

*McDonnell Douglas Corp. v. Green,*

    411 U.S. 792 (1973) ……………………………………………...16

*Monell v. Department of Social Services,*

    436 U.S. 658 (1978) ……………………………………………..20

*Nairn v. Killeen Indep. Sch. Dist.,*

    366 S.W.3d 229, 246-247 (Tex. App.—El. Paso 2012)……………………19

*Pacheco v. Mineta,*

    448 F.3d 783, 788-89 (5th Cir. 2006) ………………………………14

*Perry v. Sindermann,*

    408 U.S. 593, 601 (1972) …………………………………………13, 18

*Reeves v. Sanderson Plumbing Products, Inc.,*

    530 U.S. 133, 148 (2000) …………………………...……………17

*Wilder v. Prokop*,

    846 F.2d 613 (10th Cir. 1988)…………………………………....19

*Wright v. Lehman*,

    5 F. App'x 654 (9th Cir. 2001)…………………………………...19

# JURISDICTIONAL STATEMENT

This appeal arises from a final judgment of the United States District Court for the Southern District of Texas, which had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action involves federal questions under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and 42 U.S.C. § 1983.

The district court's order granting Defendants' motions to dismiss was entered on June 14, 2024, and constitutes a final appealable order under 28 U.S.C. § 1291. Appellant filed a timely notice of appeal on June 21, 2024, within the 30-day period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A).

Accordingly, the United States Court of Appeals for the Fifth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUES

I.  Whether the district court erred in dismissing Amstutz's ADEA claim for failure to exhaust administrative remedies and untimeliness?

II. Whether the district court erred in dismissing Amstutz's §1983 claim for failure to adequately plead deprivation of a protected interest without due process of law ?

# STATEMENT OF THE CASE

Jose E. Amstutz, a dedicated law enforcement officer with approximately 19 years of experience, began his employment with the Harris County Constable's Office Precinct 6 on August 21, 2021. (ROA.250). Throughout his career, Amstutz had served as a certified peace officer and was specialized as a K-9 handler, a position he had held for about 8 years. *Id.*

Amstutz's personal life had been marked by marital difficulties. His wife, Nickolette, had a history of infidelity and making false accusations of domestic violence against Amstutz when he would file for divorce after discovering her adulterous behavior. Upon joining Precinct 6, Amstutz proactively informed his supervisors, including Constable Sylvia Trevino and Chief Deputy Lillian Lozano, about this history and the potential for false allegations in the future. (ROA.196).

In May 2022, Amstutz discovered evidence of his wife's continued infidelity and decided to file for divorce. He again alerted his supervisors at Precinct 6, including the Internal Affairs Division, about the divorce filing and the possibility that his wife might make false accusations against him. *Id.*

As Amstutz had feared, on June 28, 2022, his wife filed a police report alleging domestic abuse. *Id.* Upon learning of this report on June 29, Amstutz immediately notified his supervisor and attempted to contact the Internal Affairs Division. *Id.* That same day, he received a letter from Lt. Paul Fernandez placing him on

temporary suspension without pay pending an investigation. *Id.*

Despite Amstutz's cooperation with both the Precinct 6 Internal Affairs investigation and the Houston Police Department's criminal investigation, he was terminated on July 26, 2022. (ROA.251). The termination letter, signed by Constable Trevino, cited policy violations rather than the original domestic violence allegations. Importantly, Amstutz was not given prior notice of these new charges or an opportunity to respond to them. (ROA.207).

Adding insult to injury, Amstutz was issued a "General Discharge" designation, which severely impacts a law enforcement officer's future employment prospects. (ROA.204). This designation was made even though on August 4, 2022, the Harris County District Attorney's office declined to bring charges against Amstutz, concluding that his wife's accusations lacked credibility. (ROA.207).

Following his termination, Amstutz has been unable to find employment in law enforcement despite his extensive experience and qualifications. The "General Discharge" designation has effectively ended his law enforcement career. (ROA.208).

On October 23, 2023, after a hearing before the State Office of Administrative Hearings (SOAH), Administrative Law Judge Erin Bakker found *vis a vis* that the preponderance of evidence did not establish that Amstutz had violated any of the Constable Office's policies or committed any type of misconduct, and that Constable

Trevino was the policymaker for the County regarding personnel in her office. (ROA.253-256). As a result, Amstutz's discharge status was changed from "General" to "Honorable." (ROA.252). The ruling in favor of Amstutz was not appealed by the County and became final.

Throughout this ordeal, Amstutz maintains that his termination was arbitrary, capricious, and or motivated by age and gender discrimination. (ROA.278). He argues that Constable Trevino harbors prejudices against middle-aged men and that he was replaced as K-9 Deputy by Luis Acuna, a significantly younger and less experienced officer. *Id.*

On January 19, 2023, Amstutz filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging continuing discrimination based on retaliation, age, sex, and hostile work environment. *Id.* The EEOC issued Amstutz a Notice of Right to Sue on February 14, 2023. *Id.*

On May 15, 2023, within the 90-day window following receipt of his right-to-sue letter, Amstutz filed his initial complaint in the United States District Court for the Southern District of Texas. (ROA.6). The original complaint named Harris County, the Thin Blue Line Foundation, Sylvia Trevino, Lillian Lozano, and Nickolette Amstutz as defendants, alleging discrimination and retaliation under Title VII. *Id.*

On July 12, 2023, Amstutz filed his First Amended Complaint, adding claims of

age discrimination under the Age Discrimination in Employment Act (ADEA) and constitutional rights violations under 42 U.S.C. § 1983. (ROA.20) This amendment also dropped certain aspects and parties from the action. *Id.* The State's ALJ, Judge Bakker found that Constable Trevino was the policymaker for personnel matters in her office. (ROA.256, ¶ 43).

In August 2023, the remaining defendants - Harris County, Lillian Lozano, and Sylvia Trevino - filed motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ROA.45, 56, 66).

On November 1, 2023, Amstutz filed a Second Amended Complaint. (ROA.187). The only remaining claims presented by Amstutz were age discrimination claims against Harris County under the ADEA, and constitutional violations under 42 U.S.C. § 1983 against both Harris County and Constable Trevino. *Id.*

Following a status conference, on November 1, 2023 (ROA.4), Harris County and Constable Trevino filed renewed motions to dismiss Amstutz's Second Amended Complaint on November 17, 2023. (ROA.4, 226, 234).

On June 14, 2024, the district court issued an opinion and order granting the defendants' motions to dismiss. (ROA.359). The court dismissed Amstutz's ADEA claim for failure to exhaust administrative remedies and untimeliness. It also dismissed the § 1983 claims against both Harris County and Constable Trevino for failure to adequately plead a protected property interest in continued employment.

*Id.*

On June 21, 2024, Amstutz filed a timely Notice of Appeal to the United States Court of Appeals for the Fifth Circuit, challenging the district court's dismissal of his claims. (ROA.368).

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing Amstutz's claims. This Court should reverse the dismissal and remand the case for further proceedings for two primary reasons:

First, the district court erred in dismissing Amstutz's ADEA claim. Contrary to the court's conclusion, Amstutz properly exhausted his administrative remedies by timely filing a charge with the EEOC that sufficiently put the agency and the employer on notice of potential age discrimination claims. The court's overly strict interpretation of the EEOC charge contradicts the Supreme Court's directive that such charges should be construed liberally. Furthermore, the ADEA claim was timely filed. While not explicitly included in the initial complaint, the claim was added in the first amended complaint and should relate back to the original filing date under Federal Rule of Civil Procedure 15(c)(1)(B). The district court's dismissal on timeliness grounds misapplies the relation back doctrine and contravenes the Fifth Circuit's liberal application of this rule.

Second, the district court erred in dismissing Amstutz's § 1983 claims against Harris County and Constable Trevino. Amstutz adequately pleaded a protected property interest in his continued employment based on mutually explicit understandings with his employer, as recognized by the Supreme Court in *Perry v. Sindermann.* The court's cursory dismissal overlooked key factual allegations and misapplied the relevant legal standards. Amstutz adequately pleaded that he had been terminated and stigmatized or falsely labeled by "General Discharge" arbitrarily and capriciously for the false allegation of violating agency policy. Moreover, Amstutz sufficiently alleged violations of both his procedural and substantive due process rights. The arbitrary shift in justification for his termination, lack of notice and opportunity to be heard, and imposition of a career-ending "General Discharge" designation without just cause all point to the type of egregious government conduct that the Due Process Clause prohibits. Additionally, Amstutz properly alleged municipal liability under Monell by detailing Constable Trevino's role as a final policymaker for employment decisions in Precinct 6.

In sum, the district court's premature dismissal of Amstutz's claims has unjustly deprived him of the opportunity to fully and fairly litigate his case. This Court should reverse the dismissal and remand the case for further proceedings on the merits of his claims.

## ARGUMENT

## A. THE DISTRICT COURT ERRED IN DISMISSING AMSTUTZ'S ADEA CLAIM

### 1. Amstutz properly exhausted his administrative remedies.

The district court erred in concluding that Amstutz failed to exhaust his administrative remedies for his ADEA claim. This conclusion misapplies the law and overlooks the purpose of the exhaustion requirement.

Amstutz timely filed a charge of discrimination with the EEOC on January 19, 2023, well within the 300-day filing period from his July 26, 2022, termination. (ROA.312). The Supreme Court has held that the ADEA's charge-filing requirement is not jurisdictional and is subject to equitable doctrines such as waiver and estoppel. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1851 (2019). Here, Amstutz's EEOC charge clearly indicated age discrimination by checking the "age" box. (ROA.312).

While the narrative portion of the charge did not explicitly mention age, the Supreme Court has held that EEOC charges should be construed liberally. *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). The charge need only be sufficient to put the EEOC and the employer on notice of the nature of the grievance. Here, Amstutz's charge, which included his date of birth and alleged discriminatory treatment, was sufficient to alert the EEOC and Harris County to potential age discrimination.

Moreover, the Fifth Circuit has also consistently held that the scope of an EEOC complaint should be construed liberally. *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006). The exhaustion requirement is satisfied not only as to the precise charge, but also for any kind of discrimination "like or related to" the charge's allegations, which could reasonably be expected to grow out of the investigation. *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983).

Therefore, the district court's overly strict interpretation of the exhaustion requirement contravenes both Supreme Court and Fifth Circuit precedent.

### 2. Amstutz's ADEA claim was timely filed.

The district court erred in finding Amstutz's ADEA claim untimely. Amstutz filed his initial complaint within 90 days of receiving his right-to-sue letter from the EEOC, as required by 29 U.S.C. § 626(e). (ROA.312, 313, 315). While the ADEA claim was not explicitly included in the initial complaint, it was added in the first amended complaint. (ROA.28).

The amended complaint relates back to the date of the original pleading under Federal Rule of Civil Procedure 15(c)(1)(B), as it arises out of the same conduct, transaction, or occurrence set out in the original pleading - namely, Amstutz's termination from Precinct 6. The Fifth Circuit has consistently applied Rule 15(c) liberally to allow relation back. *See, FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).

The Supreme Court has held that relation back depends on whether the defendant received such notice that it will not be prejudiced in defending on the merits. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). Here, the defendants were on notice of the relevant facts surrounding Amstutz's termination, including his age, from the original complaint. The addition of the ADEA claim did not introduce an entirely new set of operative facts, but rather provided an additional legal theory based on the same factual scenario.

Therefore, the ADEA claim should be considered timely filed, and the district court's dismissal on this ground was erroneous.

### 3. Amstutz sufficiently alleged facts to support an ADEA claim.

The district court erred in concluding that Amstutz failed to state a plausible claim for age discrimination under the ADEA. Under the standard set forth in Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face.

Amstutz has alleged that: (1) he was over 40 years old at the time of his termination (ROA.195); (2) he was qualified for his position, having served as a certified peace officer for approximately 19 years (ROA.198); (3) he suffered an adverse employment action when he was terminated *Id.*; and (4) he was replaced by a significantly younger, less qualified individual, Luis Acuna (ROA.195). These

allegations satisfy the prima facie case for age discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as applied to ADEA claims.

Moreover, Amstutz has alleged facts suggesting that the reasons given for his termination were pretextual, including the change in his discharge status from general to honorable. (ROA.279). The Supreme Court has held that evidence of pretext, combined with the prima facie case, may be sufficient to support a finding of intentional discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000).

Amstutz's complaint also alleges that Constable Trevino harbors prejudices against middle-aged men, providing further support for his claim of age discrimination. (ROA.110). These factual allegations, taken together and viewed in the light most favorable to Amstutz, are sufficient to state a plausible ADEA claim and survive a motion to dismiss.

In conclusion, the district court's dismissal of Amstutz's ADEA claim was erroneous. Amstutz properly exhausted his administrative remedies, timely filed his claim, and sufficiently alleged facts to support a plausible claim of age discrimination. This Court should reverse the dismissal and remand for further proceedings on Amstutz's ADEA claim.

## B. THE DISTRICT COURT ERRED IN DISMISSING AMSTUTZ'S §1983 CLAIM

The district court's dismissal of Amstutz's §1983 claim was erroneous and should be reversed. Amstutz adequately pleaded protected property and liberty interests in his continued employment, sufficiently alleged violations of his constitutional rights, and properly asserted municipal liability under *Monell*. Amstutz pleaded he was terminated "for cause." (ROA.205). Amstutz was also terminated without violating any work policy. (ROA.194-195). The lower court's cursory analysis overlooked key factual allegations and misapplied the relevant legal standards.

**1. Amstutz adequately pleaded a protected property interest in continued employment.**

Contrary to the district court's finding, Amstutz sufficiently alleged a constitutionally protected property interest in his continued employment. While Texas generally adheres to the employment-at-will doctrine, the Supreme Court has long recognized that property interests can arise from "mutually explicit understandings" between an employer and employee. *Perry v. Sindermann, 408 U.S. 593, 601 (1972).*

Amstutz's complaint alleges that Lt. Fernandez assured him his job would be secure pending the outcome of the investigation into his wife's allegations. (ROA.105). This created a reasonable expectation of continued employment absent just cause for termination. The district court erred in dismissing these allegations without proper consideration, as they are sufficient at the pleading stage to establish a potential property right requiring due process protection.

Amstutz was terminated by Trevino for the county in violation of the constable's and counties policies (ROA.251-256). Termination by an agency or policymaker is in violation of the agency's own policies when resulting in a tangible harm is arbitrary and capricious, and if not appealed can have preclusive effect in Texas. *Coalition of Cities for Affordable Utility Rates v. Public Utility Com.,* 798 S.W.2d 560, (Tex. 1990); *Igal v. Brightstar Information Technology Ground, Inc.* 250 S.W.3d 78 (Tex. 2008); *Narin v. Killeen Indep. Sch. Dist.,* 366 S.W.3d 229, 246-247 (Tex. App.—El. Paso 2012). In the context of employment termination, a decision is arbitrary and capricious when it is not based on any rational basis or **when it egregiously deviates from established policies**. *Wilder v. Prokop*, 846 F.2d 613 (10th Cir. 1988). Constable Trevino knowingly making or ratifying others to make false statements about Amstutz violating policy to justify his termination plausibly violates substantive due process. *See, Mangieri v. Clifton,* 29 F.3d 1012 (5th Cir. 1994); *Wright v. Lehman*, 5 F. App'x 654 (9th Cir. 2001). Amstutz's continued employment, if objectively based upon the representations of Constable Trevino or Paul Fernandez (IAD head chief), both authorized by Trevino to make personnel policy in the Precinct 6 Constables office, then the resulting property interest (*Perry v. Sindermann)* was a due process violation that would be remedied by remand to the agency for due process. The termination and career ending status (General Discharge) supported by Constable Trevino's allegation of policy violation when no

policy was violated, was a non-compliance with agency policy, which was unexplained. If the deviation is unexplained, then it is arbitrary and capricious and is a deprivation of due process.

### 2. Amstutz sufficiently alleged a violation of his constitutional rights.

The district court erred in concluding that Amstutz failed to allege a plausible violation of his constitutional rights. Amstutz's complaint details a series of actions by Constable Trevino and Harris County that, when viewed in the light most favorable to the plaintiff, clearly state a claim for both procedural and substantive due process violations.

Procedurally, Amstutz was deprived of his employment without proper notice or an opportunity to be heard. The complaint alleges that the reasons for his termination were arbitrarily changed without notice, depriving him of any meaningful chance to respond to the actual grounds for his dismissal. (ROA.277). This bait-and-switch tactic violates the core tenets of procedural due process established in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

Substantively, the complaint alleges actions so arbitrary and capricious as to shock the conscience, the standard set forth in *County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).* The arbitrary shift in justification for Amstutz's termination, the disregard of exculpatory evidence, and the imposition of a career-ending

"General Discharge" designation without just cause all point to the type of egregious government conduct that substantive due process prohibits. (ROA.209, 249, 267).

### 3. Municipal liability under Monell was properly alleged.

The district court also erred in dismissing Amstutz's Monell claim against Harris County. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality can be held liable for constitutional violations resulting from its official policies or customs. Amstutz's complaint adequately alleges that Constable Trevino, as the final policymaker for employment decisions in Precinct 6, established a pattern of arbitrary personnel actions and discriminatory practices. (ROA.105).

The Texas Constitution and state law grant broad authority to elected constables to manage their offices, including hiring and firing decisions. *See*, *Bowden v. Jefferson Cnty.*, 676 F. App'x 251, 254 (5th Cir. 2017). As such, Constable Trevino's actions in terminating Amstutz and manipulating his discharge status represent official county policy sufficient to impose municipal liability.

Moreover, the complaint alleges a pattern of similar conduct, suggesting a custom or practice of arbitrary employment actions. (ROA.283). The Supreme Court has held that "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).

The district court's cursory dismissal of the Monell claim without proper analysis of Constable Trevino's policymaking authority or the alleged pattern of conduct was erroneous and should be reversed.

In conclusion, Amstutz's §1983 claims were sufficiently pleaded to survive a motion to dismiss. The district court's premature dismissal of these claims overlooked key factual allegations and misapplied the relevant legal standards. This Court should reverse the dismissal and remand for further proceedings to allow Amstutz's constitutional claims to be fully and fairly adjudicated.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's dismissal of Amstutz's claims. The lower court's rulings were based on erroneous applications of law and misinterpretations of the factual allegations presented in Amstutz's complaint.

The district court's dismissal of Amstutz's ADEA claim ignored the liberal construction afforded to EEOC charges and misapplied the relation back doctrine. Its dismissal of the § 1983 claims failed to properly consider the well-pleaded facts alleging violations of Amstutz's constitutional rights and municipal liability.

These errors have unjustly deprived Amstutz of the opportunity to fully and

fairly litigate his claims. At its core, this case presents serious allegations of age discrimination and due process violations by a government employer. These claims deserve thorough consideration on their merits, not dismissal based on technical pleading issues.

Accordingly, we respectfully request that this Court:

1. Reverse the district court's dismissal of Amstutz's ADEA claim and remand for further proceedings on the merits of this claim;

2. Reverse the district court's dismissal of Amstutz's § 1983 claims against Harris County and Constable Trevino and remand for further proceedings on the merits of these claims; and,

3. Provide any other relief this Court deems just and proper.

Reversal is necessary to ensure that Amstutz's rights are protected and that his claims receive the full and fair consideration they deserve. It will also provide much-needed clarity on the proper application of exhaustion requirements, the relation back doctrine, and the standards for municipal liability in this Circuit. Most importantly, it will reaffirm the principle that our courts should decide cases on their merits whenever possible, rather than on procedural technicalities.

SUBMITTED BY:
S/Laurence Wade Watts
Watts & Company Lawyers, Limited
5002 Sienna Parkway
P.O. Box 2214
Missouri City, TX 77459

# **CERTIFICATE OF SERVICE**

I certify that on September 27, 2024, the foregoing document was served via this

Court's electronic filing system on today's date to the following parties/counsel:

Harris County, Appellee
Sylvia Trevino, Appellee
Melissa Martin, Counsel for Appellee
Susana Sosa, Counsel for Appellee

S/***Laurence Wade Watts***

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 3602 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman Font.

S/Laurence Wade Watts