No. 24-20286

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

JOSE E. AMSTUTZ,
Plaintiff - Appellant
v.
Harris County; Sylvia Trevino, Precinct 6 Constable
Defendants - Appellees

Appeal from the United States District Court for the Southern District of Texas
Houston Division; In Civil Action No. 4:23-cv-01787
the Honorable Charles Eskridge presiding

## BRIEF OF APPELLEES
## HARRIS COUNTY AND SYLVIA TREVINO

**SUSANA G. SOSA**
Senior Assistant County Attorney
**MELISSA G. MARTIN**
Senior Assistant County Attorney
Harris County Attorney's Office
1019 Congress St.
Houston, Texas 77002
Tel: (713) 274-5158
susana.sosa@harriscountytx.gov

**ATTORNEYS FOR
DEFENDANTS-APPELLEES**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

| Plaintiff-Appellant | Counsel |
|---|---|
| Jose E. Amstutz | Appellate and Trial Counsel: Laurence Wade Watts Texas Bar No. 20981000 Watts & Company Lawyers, Ltd. P. O. Box 2214 Missouri City, Texas 77459 wattstrial@gmail.com Tel: (281) 431-1500 |

| Defendants-Appellees | Counsel |
|---|---|
| Harris County; Sylvia Trevino | Appellate and Trial Counsel: Susana G. Sosa Senior Assistant County Attorney susana.sosa@harriscountytx.gov Melissa G. Martin Senior Assistant County Attorney melissa.martin@harriscountytx.gov Harris County Attorney's Office 1019 Congress St. Houston, TX 77002 Tel: (713) 274-5158 |

/s/Susana G. Sosa
Attorney of Record for Appellees

ii

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a) and Fifth Circuit Rule 28.2.3, Appellees believe oral argument is unnecessary because: (1) the dispositive issues have been authoritatively decided, and (2) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ....................................................................................... iv

TABLE OF AUTHORITIES ................................................................................... 1

JURISDICTIONAL STATEMENT ......................................................................... 5

STATEMENT OF THE ISSUES ............................................................................. 5

STATEMENT OF THE CASE ................................................................................. 5

SUMMARY OF THE ARGUMENT ....................................................................... 7

ARGUMENT ........................................................................................................... 8

CONCLUSION ....................................................................................................... 24

CERTIFICATE OF SERVICE .............................................................................. 25

CERTIFICATE OF COMPLIANCE ...................................................................... 25

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amir-Sharif v. Valdez*,
  2007 WL 1791266 (N.D. Tex. June 6, 2007) ...................................... 21
*Anderson v. Harris Cnty.*,
  98 F.4th 641 (5th Cir. 2024) ............................................................ 21
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................... 8, 9
*Ayorinde v. Team Indus. Services Inc.*,
  2024 WL 4714584 (5th Cir. Nov. 8, 2024) ...................................... 11
*Baker v. McCollan*,
  443 U.S. 137 (1979) ........................................................................ 14
*Baker v. Putnal*,
  75 F.3d 190 (5th Cir. 1996) ............................................................ 21
*Barnes v. Levitt*,
  118 F.3d 404 (5th Cir. 1997) .......................................................... 10
*Bd. of Regents of State Colleges v. Roth*,
  408 U.S. 564 (1972) ........................................................................ 14
*Behrens v. Pelletier*,
  516 U.S. 299 (1996) ........................................................................ 18
*Bell Atlantic v. Twonbly*,
  550 U.S. 544 (2007) ...................................................................... 8, 9
*Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*,
  748 F.3d 631 (5th Cir. 2014) ............................................................ 9
*Brown v. Callahan*,
  623 F.3d 249 (5th Cir. 2010) .......................................................... 18
*Burge v. St. Tammany Parish*,
  336 F.3d 363 (5th Cir. 2003) .......................................................... 22
*Campbell v. Wells Fargo Bank*, N.A.,
  781 F.2d 440 (5th Cir. 1986) ............................................................ 9
*Castro v. Tex. Dep't of Criminal Justice*,
  541 Fed. Appx. 374 (5th Cir. 2013) ................................................ 10
*City of Canton, Ohio v. Harris*,
  489 U.S. 378 (1989) ........................................................................ 21

*Cleveland Bd. of Educ. v. Loudermill*,
  470 U.S. 532 (1985) ........................................................................... 17

*Connick v. Thompson*,
  563 U.S. 51 (2011) ............................................................................. 20

*Cozzo v. Tangipahoa Parish Council*,
  279 F.3d 273 (5th Cir. 2002) ............................................................. 18

*Cuvillier v. Taylor*,
  503 F.3d 397 (5th Cir. 2007) ............................................................... 8

*Davis v. Fort Bend Cnty.*,
  893 F.3d 300 (5th Cir. 2018) ............................................................. 11

*Delahoussaye v. City of New Iberia*,
  937 F.2d 144 (5th Cir. 1991) ............................................................. 17

*Fed. Exp. Corp. v. Holowecki*,
  552 U.S. 389 (2008) ........................................................................... 11

*Fellows v. Universal Restaurants, Inc.*,
  701 F.2d 447 (5th Cir. 1983) ............................................................. 11

*Flores v. City of Palacios*,
  381 F.3d 391 (5th Cir. 2004) ............................................................. 18

*Fort Bend Cnty., Tex. v. Davis*,
  139 S. Ct. 1843 (2019) ....................................................................... 11

*Fowler v. Smith*,
  68 F.3d 124 (5th Cir. 1995) ............................................................... 17

*Gentiello v. Rege*,
  627 F.3d 540 (5th Cir. 2010) ............................................................... 9

*Giles v. Shaw Sch. Dist.*,
  655 Fed. Appx. 998 (5th Cir. 2016) ................................................... 17

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ........................................................................... 18

*Hilliard v. Ferguson*,
  30 F.3d 649 (5th Cir. 1994) ............................................................... 19

*Jefferson v. Christus St. Joseph Hosp.*,
  374 Fed. Appx. 485 (5th Cir. 2010) ..................................................... 9

*Lampton v. Diaz*,
  639 F.3d 223 (5th Cir. 2011) ............................................................... 8

*Martin v. Mem'l Hosp. at Gulfport*,
  130 F.3d 1143 (5th Cir. 1997) ........................................................... 14

*McClelland v. Katy Indep. Sch. Dist.*,
  63 F.4th 996 (5th Cir. 2023) ............................................... 12, 17, 23

*Monell v. Dep't. of Soc. Servs. v. New York*,
  436 U.S. 658 (1978) ..................................................................... 19, 20

*Pacheco v. Mineta*,
  448 F.3d 783 (5th Cir. 2006)........................................................ 10, 12
*Perry v. Sindermann*,
  408 U.S. 593 (1972) .................................................................. 14, 16
*Peterson v. City of Fort Worth, Tx*,
  588 F.3d. 838 (5th Cir. 2009)............................................................ 20
*Pineda v. City of Houston*,
  291 F.3d 325 (5th Cir.2002)......................................................... 20, 22
*Piotrowski v. City of Houston*,
  51 F.3d 512 (5th Cir. 1995)............................................................. 20
*Procter & Gamble Co. v. Amway Corp.*,
  376 F.3d 496 (5th Cir. 2004)...................................................... 13, 23, 24
*Rollins v. Home Depot USA*,
  8 F.4th 393 (5th Cir. 2021) ...................................................... 12, 17, 23
*Roy v. City of Monroe*,
  950 F.3d 245 (5th Cir. 2020)........................................................ 13, 23
*Sanchez v. Standards Brands, Inc.*,
  431 F.2d 455 (5th Cir. 1970)............................................................ 10
*Sanders-Burns v. City of Plano*,
  594 F.3d 366 (5th Cir. 2010)............................................................ 22
*Schaper v. City of Huntsville*,
  813 F.2d 709 (5th Cir. 1987)............................................................ 15
*Shaw v. Villanueva*,
  918 F.3d 414 (5th Cir. 2019)............................................................ 19
*Stem v. Gomez*,
  813 F.3d 205 (5th Cir. 2016)............................................................ 16
*Templeton v. Jarmillo*,
  28 F.4th 618 (5th Cir. 2022) ....................................................... 13, 23
*Thierry v. Jefferson Cnty., Tex.*,
  2022 WL 3130885 (E.D. Tex. July 29, 2022) ........................................... 15
*Thomas v. Ameritas Life Ins. Corp.*,
  34 F.4th 395 (5th Cir. 2022) .................................................. 12, 13, 17, 23
*Udeigwe v. Tex. Tech Univ.*,
  733 Fed. Appx. 788 (5th Cir. 2018)..................................................... 14
*United States Envtl. Prot. Agency*,
  91 F.4th 280 (5th Cir. 2024) .................................................... 13, 17, 23
*Valle v. City of Houston*,
  613 F.3d 536 (5th Cir. 2010)............................................................ 22
*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A.,
  2011 WL 4592057 (S.D. Tex. Sept. 30, 2011) ........................................... 9

*Walker v. Beaumont Indep. Sch. Dist.*,
    938 F.3d 724 (5th Cir. 2019)................................................................... 9
*Wernecke v. Garcia*,
    591 F.3d 386 (5th Cir. 2009)................................................................. 18
*World Wide St. Preachers Fellowship v. Town of Columbia*,
    591 F.3d 747 (5th Cir. 2009)................................................................. 20
*Zarnow v. City of Wichita Falls, Tex.*,
    614 F.3d 161 (5th Cir. 2010)................................................................. 22

Statutes

28 U.S.C. §1291 .................................................................................... 5
42 U.S.C. § 1983 ............................................................................ Passim
Tex. Gov't. Code § 614.022................................................................... 15

Rules

Fed. R. App. P. 32(a)(5) ....................................................................... 25
Fed. R. App. P. 32(a)(6) ....................................................................... 25
Fed. R. App. P. 32(a)(7)(B) .................................................................. 25
Fed. R. App. P. 32(f)............................................................................. 25
Fed. R. Civ. P. 8 & 12 ...................................................................... 7, 8
Fed. R. Civ. P. 12(b)(6)................................................................. 7, 8, 9
Federal Rule of Appellate Procedure 34(a) ........................................... 3

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over appeals from a district court's final judgment granting motions to dismiss for failure to state a claim.  28 U.S.C. § 1291.  This case comes to the Court based on the granting of Appellees' respective motions to dismiss for failure to state a claim.  ROA.359-367.

## STATEMENT OF THE ISSUES

1. Did the district court properly dismiss Appellant's claims brought under the Age Discrimination in Employment Act (ADEA) against Harris County?

2. Did the district court properly dismiss Appellant's claims brought under 42 U.S.C. § 1983 against Harris County and Constable Trevino?

3. Did the district court abuse its discretion by granting Appellees' motions to dismiss instead of allowing Appellant a third opportunity to replead?

## STATEMENT OF THE CASE

### I.     Procedural history.

Appellant filed three complaints: the Original Complain, ROA.7-13; the First Amended Complaint, ROA.20-30; and the Second Amended Complaint, ROA.187-213.  The district court allowed the Second Amended Complaint to remain on the docket regardless of the facial deficiencies.  ROA.216-217.  Appellees filed their first motions to dismiss the First Amended Complaint, ROA.45-65; then their second motions to dismiss the Second Amended Complaint, ROA.226-245, and their

respective replies to Appellant's response to the second motions to dismiss. ROA.344-355.

The district court granted Appellees' motions to dismiss the Second Amended Complaint and dismissed all claims against Appellees with prejudice. ROA.359-367. It did not allow further leave to Appellant to replead. ROA.367. Appellant appealed from the dismissal. ROA.370-372.

## II. Facts.

The factual allegations are set out in Appellant's Second Amended Complaint. ROA.188-209. Appellant worked as a law enforcement officer for Appellee Harris County Constable Office's Precinct 6 (Harris County) from August 21, 2021, through July 26, 2022. ROA.188. On June 28, 2022, the Houston Police Department notified Harris County that Appellant's wife had filed a police report alleging physical and sexual assault by Appellant. ROA.191. On June 29, 2022, Harris County began an internal investigation related to the allegations, placed Appellant on administrative leave, and provided Appellant with a list of potential department policy violations regarding the internal investigation. ROA.192. On July 26, 2022, Appellee Sylvia Trevino (Constable Trevino) terminated Appellant's employment with Harris County. ROA.190.

On August 2, 2022, following Appellant's termination, Harris County filed the required F-5 report of separation of licensee (F5 report) regarding Appellant with

the Texas Commission on Law Enforcement (TCOLE), indicating a general discharge for Appellant. ROA.190. On August 4, 2022, the Harris County District Attorney's Office declined criminal charges against Appellant. ROA.166, 192. On August 15, 2022, Appellant petitioned TCOLE to change the F-5 report designation from general to an honorable discharge. ROA.190.

On January 19, 2023, Appellant filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and filed a lawsuit in the district court after receiving the EEOC's Notice of Right to File Civil Action. ROA.12, 13, 119, 197-198.

## SUMMARY OF THE ARGUMENT

The district court correctly granted Appellees' motions to dismiss the Second Amended Complaint for Appellant's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); ROA.359-367. After allowing a second opportunity to replead, the district court found that Appellant still failed to provide a required statement to show that he is entitled to relief under either ADEA or §1983. Fed. R. Civ. P. 8 & 12; ROA.361-367.

For his ADEA claim, Appellant failed to exhaust his administrative remedies after checking the "age" box on his EEOC charge but leaving the factual statement of the charge itself devoid of allegations related to age. ROA.362-363. Appellant waived opposition to Harris County's argument as to the timeliness of Appellant's

ADEA claim. Although Appellant's ADEA claims similarly fail on other grounds, failure to exhaust his administrative remedies preclude such claims.

Regarding Appellant's Section 1983 claims, they all similarly fail because Appellant did not plead facts that would support his contention that he had a property interest protected by law, a requirement to all other Section 1983 claims. ROA.363-366.

## ARGUMENT

### I.     Standard of review.

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss." *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011) (citation omitted). Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic v. Twonbly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Twonbly*, 550 U.S. at 555).

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twonbly*, 550 U.S. at 570. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678(citing *Twonbly*, 550 U.S. at 556). This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twonbly*, 550 U.S. at 557).

In reviewing a motion to dismiss under Rule 12(b)(6), the court "must accept all well-pleaded facts as true, and…view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)(citing *Campbell v. Wells Fargo Bank*, N.A., 781 F.2d 440, 442 (5th Cir. 1986). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057, at *5 (S.D. Tex. Sept. 30, 2011)(quoting *Gentiello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)). The court must also generally limit itself to the contents of the pleadings and attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

## II.    <u>Failure to state a claim under the ADEA</u>.

Prior to filing suit, a plaintiff must first exhaust his or her administrative remedies for claims brought under ADEA. *Jefferson v. Christus St. Joseph Hosp.*, 374 Fed. Appx. 485, 489 (5th Cir. 2010). To accomplish this, a plaintiff must file an administrative charge with the EEOC. *Id.* at 490. "[T]he purpose of exhaustion

is to give the agency the information that it needs to investigate and resolve the dispute between the employee and employer." *Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997). Courts will not consider lawsuits that exceed the scope of the EEOC exhaustion. *Castro v. Tex. Dep't of Criminal Justice*, 541 Fed. Appx. 374, 379 (5th Cir. 2013). Instead, courts "construe an EEOC complaint broadly but in terms of the administrative EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination'" *Id.* (quoting *Sanchez v. Standards Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Courts must therefore employ a fact-intensive analysis which looks beyond the four corners of the charge, to the substance of the document rather than its label. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Accordingly, a plaintiff need not check a certain box from the EEOC charge, because the crucial element of a charge of discrimination is the factual statement contained therein. *Id.* at 792; *Sanchez v. Standards Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970).

Here, the record is clear that Appellant did not exhaust his administrative remedies prior to filing suit under the ADEA. ROA.119, 312. Notwithstanding his pleading of age discrimination, ROA.197-198, 383, and the check mark in the "age" box of Appellant's EEOC charge, the factual statement of the charge itself is devoid of any allegations related to age. ROA.119, 312. While Appellant states that the district court misapplied the law and overlooked the purpose of the exhaustion

requirement, the authority he relies on does not support his argument. Appellant brief, p. 14.

First, Appellant cites *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019), which affirmed this Court's decision that a Title VII's charge-filing requirement is not jurisdictional but a prudential prerequisite to suit forfeited by the defendant Fort Bend County, because it did not raise it until after "an entire round of appeals all the way to the Supreme Court."[1] *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 547 (2019)(quoting *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307-308 (5th Cir. 2018)). Nevertheless, unlike that defendant, Harris County timely raised Appellant's failure to exhaust his administrative remedies with respect to his ADEA claims by promptly filing its motion to dismiss. ROA.216-217, 234-244. Recently, this Court has confirmed the exhaustion of administrative remedies requirement, and the broad analysis that can *reasonably* be expected to grow out of the charge of discrimination. *Ayorinde v. Team Indus. Services Inc.*, No. 24-50185, 2024 WL 4714584, at *4 (5th Cir. Nov. 8, 2024)(emphasis added).

Appellant also briefly mentions *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), which discusses what should be deemed a charge; and *Fellows v.*

---

[1] "Simply put, Fort Bend waited five years and an entire round of appeals all the way to the Supreme Court before it argued that Davis failed to exhaust. On these facts, it is abundantly clear that Fort Bend has forfeited its opportunity to assert this claim." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307-308 (5th Cir. 2018).

*Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983), which discusses the construction of initial charges of discrimination to support a Title VII cause of action for a class of individuals.  Appellant brief, pp. 14-15.  Nonetheless, these cases do not discuss nor rebut Harris County's argument on Appellant's failure to exhaust his administrative remedies for the ADEA claims.

Appellant lastly cites *Pacheco v. Mineta*, 448 F.3d 783, 788-789 (5th Cir. 2006), Appellant brief, p. 15; but as discussed *supra*, this case essentially supports Harris County's argument that courts must employ a fact-intensive analysis which looks beyond the four corners of the charge, *to the substance of the document rather than its label*.  *Id*. at 789 (emphasis added).

Therefore, the district court properly dismissed Appellant's ADEA claims against Harris County, because Appellant failed to exhaust his administrative remedies to assert such claims.  ROA.237, 362-363.

With respect to Appellant's request to this Court stating that his ADEA claim was timely filed within 90 days of receiving the right-to-sue letter from the EEOC, Appellant brief, pp. 15-16, the district court correctly decided that Appellant failed to respond to this argument in the district court, and hence he waived opposition to the argument.  ROA.270-288, 238, 362-363.  *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023); *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 (5th Cir. 2022)(quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th

Cir. 2021)).  A party must not only raise a matter but also "press and not merely intimate the argument during proceedings before the district court." *Id*. (quoting *Templeton v. Jarmillo*, 28 F.4th 618, 622 (5th Cir. 2022)).

Finally, regarding Appellant's request stating that he alleged facts to support assertion of an ADEA discrimination claim (prima facie case), Appellant brief, pp. 16-17, the district court did not consider Harris County's argument on Appellant's failure to assert a prima facie case under the ADEA for the dismissal of the ADEA claims with prejudice.  ROA.238-239, 362-363.  But as argued *supra*, Appellant failed to exhaust his administrative remedies prior to filing suit; as such, the district court properly dismissed Appellant's ADEA claims against Harris County. ROA.237, 362-363.

Similarly, the district court did not consider Harris County's argument on Appellant's failure to assert a retaliation claim under the ADEA, ROA.239, 362-363, which Appellant did not oppose in the district court nor include in this appeal. ROA.270-287.  As such, they are deemed waived.  *Id*.; *Tex. v. United States Envtl. Prot. Agency*, 91 F.4th 280, 293 (5th Cir. 2024); *Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

**III.**    <u>**Failure to state a claim under 42 U.S.C § 1983.**</u>

The district court properly dismissed Appellant's Section 1983 claims against Appellees for Appellant's failure to allege facts to support his contention that he had a property interest protected by law.  ROA.363-366.

**A.    No Section 1983 claim against Constable Trevino**

1. <u>No violation of a constitutionally protected liberty or property interest</u>

An action under Section 1983 requires a showing that the plaintiff suffered the deprivation of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  A plaintiff must therefore *plead* that his or her constitutional right has been violated.  *Id*. at 146-147 (emphasis added).

The due process clause is not implicated unless an individual's property or liberty interests are threatened.  *Martin v. Mem'l Hosp. at Gulfport*, 130 F.3d 1143, 1147 (5th Cir. 1997).  Property interests protected by the due process clause are not derived from the due process clause itself, but they must be established by reference to some independent source, such as state law or contract.  *Id*. at 1147 (5th Cir. 1997), citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972) and *Perry v. Sindermann*, 408 U.S. 593, 599 (1972).  Under Texas law, generally, there is no property right in continued employment.  *Udeigwe v. Tex. Tech Univ.*, 733 Fed. Appx. 788, 792 (5th Cir. 2018).  Unless policies are enacted that allow for dismissal

only under the circumstances for "just cause," then the state "cannot constitutionally" deprive such an interest without appropriate procedural safeguards." *Schaper v. City of Huntsville*, 813 F.2d 709, 714 (5th Cir. 1987).

In his Second Amended Complaint, Appellant failed to sufficiently allege a cognizable property interest supporting his alleged due process deprivation under the Due Process clause of the Fourteenth Amendment. ROA.188-211. He merely declares, without legal basis, that his due process rights were violated, and that he has a "tangible interest" in his employment. ROA.188-189, 210. His Second Amended Complaint does not identify any independent source of law from which Appellant derives a property interest in his employment. ROA.188-211. While he attempts to cure the defect in his response brief, by referencing the F-5 report connected to Appellant and related administrative procedures, all of those are post termination activities and procedures that fail to connect Appellant's alleged property interest in his job. ROA.166, 190, 192.

In his response to the motion to dismiss, Appellant also briefly cites Section 614.022 of the Texas Government Code as an attempt to show that he had a cognizable property interest in his job to support his alleged due process deprivation. ROA.249. Nonetheless, as a general rule, "an employee who is terminable at will has no constitutionally protected property interest. *Thierry v. Jefferson Cnty., Tex.*,

No. 1:21-CV-00163, 2022 WL 3130885, at *11 (E.D. Tex. July 29, 2022)(citing *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016)).

In this appeal, Appellant now argues that while Texas is an at-will-employment state, the Supreme Court has long recognized that property interests can arise from "mutually explicit understandings" between employer and employee. Appellant brief, p. 18. In support of his argument, he cites *Perry v. Sindermann*, 408 U.S. 593, 601 (1972), a case involving a procedural due process analysis. There, the court found that despite the lack of tenure of a state junior college professor, failure to allow him an opportunity for a hearing would violate the constitutional guarantee of procedural due process if the professor could show that he had an 'expectancy' of reemployment. *Id*. at 593. Citing to the record, Appellant argues that his pleading alleges that "Lt. Fernandez assured him his job would be secure pending the outcome of the investigation into his wife's allegations." Appellant brief, p. 18. But what he cites is not the Second Amended Complaint. ROA.105. In fact, the Second Amended Complaint does not allege such assurance of continuous employment by Lt. Fernandez. ROA.189-210.

Appellant also argues that his termination was arbitrary and capricious, and that he sufficiently pled a violation of his constitutional rights. Appellant brief, pp. 19-21. Nevertheless, procedural due process entitles a public employee with a property right in his employment to notice of the charges against the employee, an

explanation of the employer's evidence, and an opportunity to present his side of the story. *Fowler v. Smith*, 68 F.3d 124, 127 (5th Cir. 1995)(citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 151 (5th Cir. 1991)). Thus, a constitutionally protected liberty or property interest that has been violated is prerequisite to a procedural due process claim. *Giles v. Shaw Sch. Dist.*, 655 Fed. Appx. 998, 1003 (5th Cir. 2016). But as explained above, Appellant has failed to plead a violation of a constitutionally protected liberty or property interest. ROA.188-189, 210. Therefore, the procedural due process analysis ends here.

2.  Qualified immunity protects Constable Trevino as she was doing her job

Even if Appellant had asserted a constitutional rights violation under the Fourteenth Amendment, which he did not, he cannot overcome Constable Trevino's qualified immunity. ROA.229-231. Appellant did not respond to Constable Trevino's asserted qualified immunity argument. ROA.247-268. Therefore, he did not preserve error. *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023); *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 (5th Cir. 2022)(quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)). Appellant has similarly not raised this argument in this appeal. *Tex. v. United States Envtl. Prot. Agency*, 91 F.4th 280, 293 (5th Cir. 2024).

Qualified immunity shields government officials from civil liability for

damages when they perform discretionary functions under color of state law. *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 284 (5th Cir. 2002); *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). In assessing whether qualified immunity applies, courts first ask whether the defendant's actions violated a clearly-established right. *Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004)(quoting *Harlow*, 457 U.S. at 818). A right is clearly established if the law is clear in a particularized sense, such that a reasonable official would be put on notice that his conduct is unlawful and violates the right in question. *Wernecke v. Garcia*, 591 F.3d 386, 392-93 (5th Cir. 2009). If the court finds that the right is clearly established, then it must ask "whether qualified immunity is still appropriate because the defendant's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Unless the pleadings plausibly state a claim of an objectively unreasonable violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before full discovery is commenced. *Behrens v. Pelletier*, 516 U.S. 299, 306-08 (1996).

Here, qualified immunity bars the claims against Constable Trevino because the alleged conduct does not violate Appellant's clearly established rights, and because Constable Trevino's actions were objectively reasonable in light of clearly established law. Constable Trevino is a government official and exercised her

18

discretionary duties as the Constable for Harris County Constable Precinct 6. But as explained *supra*, Appellant failed to plead a constitutional rights violation; therefore, the analysis should end there.

To the extent Appellant attempted to assert a conspiracy claim under Section 1983, ROA.210, such claim would still fail, because as shown above, Appellant failed to plead a deprivation of a constitutional right. *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019). Moreover, a single legal entity and its employees cannot conspire among themselves. *Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994).

Accordingly, Appellant's Section 1983 claims against Constable Trevino should be dismissed.

### B. No § 1983 claim against Harris County

Even if Appellant had asserted a constitutional rights violation under the Fourteenth Amendment, which he did not, he still cannot show municipal liability under Section 1983.

42 U.S.C. §1983 provides a cause of action when a local government, acting under color of law, deprives a person of a federally protected right, such as a constitutional right. *Monell v. Dep't. of Soc. Servs. v. New York*, 436 U.S. 658, 690 (1978). "Local governing bodies…can be sued directly under §1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation,

or decision officially adopted and promulgated by that body's officers." *Id*. at 690 (1978).  Governmental liability under Section 1983 requires at a minimum that a custom, practice, or official policy of the governmental entity served as the moving force resulting in a constitutional violation.  *Id*. at 694 (1978); see also, *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995).

Harris County may be held liable under Section 1983 only for its own official illegal acts, and not for the acts of its employees or agents pursuant to any theory of vicarious liability.  *Connick v. Thompson*, 563 U.S. 51 (2011); *Peterson v. City of Fort Worth, Tx,* 588 F.3d. 838, 847 (5th Cir. 2009)(citing *Monell* at 694)).  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so consistent and widespread as to practically have the force of law." *Connick* at 1359.  As such, to succeed under Section 1983, Appellant must plead that Harris County had a policy or custom, of which a policymaker had actual or constructive knowledge, and that the official policy or custom acted as the moving force behind violation of Plaintiff's constitutional rights. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009)(citing *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir.2002)).

In his Second Amended Complaint, Appellant did not plead an official policy or custom that caused the alleged deprivation of his constitutional rights.  He states that Harris County violated his constitutional rights under the Fourteenth

Amendment "in deprivation of Plaintiff's rights to due process, both substantive and procedural. ROA.188. But Appellant fails to identify facts supporting an official policy or custom leading to the alleged constitutional rights violation. ROA.199-209. Without facts supporting an official policy or custom that allegedly led to the constitutional deprivation, there is no basis for governmental Section 1983 liability. *Amir-Sharif v. Valdez*, No. 3-06-CV-2258-P, 2007 WL 1791266, at *3 (N.D. Tex. June 6, 2007).

In this appeal, Appellant alleges that he pled that Constable Trevino is the final policymaker for employment decisions in Precinct 6. Appellant brief, p. 21. He cites to the record, but not to the Second Amended Complaint. Nonetheless, this Court has recently confirmed that a constable for a single precinct in a county is not a final policymaker on employment-related decisions for entire county. *Anderson v. Harris Cnty.*, 98 F.4th 641, 644 (5th Cir. 2024). Therefore, Appellant's Section 1983 claims against Harris County should be dismissed.

To the extent that Appellant attempted to assert a failure to train or failure to supervise claim against Harris Count, ROA.210, he must show that (1) there was a policy or custom of providing inadequate training or supervision; (2) that shows the municipality's deliberate indifference; and (3) that the inadequate training or supervision was a "moving force" behind the violation of the plaintiff's rights. *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996)(citing *City of Canton, Ohio v.*

*Harris*, 489 U.S. 378, 390 (1989)).  Nonetheless, Appellant pleaded no facts to support a failure to train or supervise claim.  ROA.199-210.  *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010).

Deliberate indifference in this context applies to the official policymaker.  "Deliberate indifference is more than mere negligence."  *Sanders-Burns*, 594 F.3d at 381.  Deliberate indifference, in a failure to train or supervise context, generally requires at least a pattern of similar violations arising from training or supervision that is so clearly inadequate as to be obviously likely to result in a constitutional violation.  *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003).  Here, Appellant pled no pattern of similar alleged violation.

Also, the "[p]rior instances must point to the specific violation in question; 'notice of a pattern of similar violations is required.'"  *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010).  A claim requires that a policy maker be charged with actual or constructive knowledge of an official policy or custom of failing to adequately train.  *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).  In his Second Amended Complaint, Appellant does not even reference or connect his claims with sufficient factual allegations of notice and failure to act.  As such, Plaintiff's Section 1983 claims against Harris County should equally be dismissed.

**IV.    No abuse of discretion by the district court for granting the motions to dismiss and not allowing Appellant a third opportunity to replead.**

The district court afforded Appellant a second opportunity to replead. ROA.216-217.  Appellant did replead by filing his Second Amended Complaint. ROA.187-213; yet he only preserved error on the opportunity to replead argument for his § 1983 claim against Constable Trevino.  ROA.247, 268.  Appellant did not preserve error as to the opportunity to replead his claims against Harris County. ROA.270-288.   Appellant therefore waived opposition to replead claims against Harris County.  *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023); *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 (5th Cir. 2022)(quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)).  A party must not only raise a matter but also "press and not merely intimate the argument during proceedings before the district court." *Id.* (quoting *Templeton v. Jarmillo*, 28 F.4th 618, 622 (5th Cir. 2022)).

Nonetheless, although Appellant preserved error to replead claims against Constable Trevino, he did not request this Court an opportunity to replead such claims.[2]  Appellant brief, pp. 14-23.  Therefore, Appellant has waived this argument for failure to adequately brief the issue in this appeal.  *Tex. v. United States Envtl.*

---

[2] Appellant did not request this Court an opportunity to replead claims against Harris County either. Appellant brief, pp. 14-23.  Therefore, he has similarly waived this argument. *Tex. v. United States Envtl. Prot. Agency*, 91 F.4th 280, 293 (5th Cir. 2024); *Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

*Prot. Agency*, 91 F.4th 280, 293 (5th Cir. 2024); *Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

## CONCLUSION

Appellants respectfully request this Court to uphold the motions to dismiss dismissing all of Appellant's claims with prejudice, and that Appellant be denied any further opportunity to replead.

SUBMITTED BY:

*/s/Susana G. Sosa*
SUSANA G. SOSA
Senior Assistant County Attorney
Harris County Attorney's Office
State Bar No. 24083894
Fed. Bar No. 2292237
Tel: (713) 274-5158 (direct)
susana.sosa@harriscountytx.gov

MELISSA G. MARTIN
Senior Assistant County Attorney
State Bar No. 24039035
Fed. Bar No. 38613
Tel: (713) 274-5354
melissa.martin@harriscountytx.gov

Harris County Attorney's Office
1019 Congress Street
Houston, TX 77002

*Attorneys for Appellees*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2024, I filed a true and correct copy of the foregoing brief via the Court's CM/ECF system, which will automatically serve a copy on all parties' counsel:

Laurence Wade Watts
Texas Bar No. 20981000
Watts & Company Lawyers, Ltd.
wattstrial@gmail.com

*/s/Susana G. Sosa*
SUSANA G. SOSA

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and 5th Cir. R. 32.1: this document contains 4,524 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, in Times New Roman 14-point typeface, except for footnotes, which are in Times New Roman 12-point typeface.

*/s/Susana G. Sosa*
SUSANA G. SOSA
